# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Monika Smith, | Case No.: 2:18-cv-00640-JAD-EJY |
| Plaintiff | |
| v. | **Order Granting Defendant's Motion for Summary Judgment** |
| State of Nevada ex rel its Department of Transportation, | [ECF No. 41] |
| Defendant | |

Plaintiff Monika Smith sues her employer, the State of Nevada's Department of Transportation (NDOT), for sex discrimination and retaliation under Title VII.[1] I already dismissed her retaliation claim without prejudice[2] and granted the State judgment on Smith's prayer for punitive damages.[3] NDOT now moves for summary judgment on Smith's sex-discrimination claim, arguing that Smith cannot establish her prima facie case because she: (1) did not suffer an adverse employment action when she requested a variable workweek schedule and her supervisor emailed her 13 directives to comply with that policy, (2) can't show that her male colleagues were either similarly situated individuals or treated differently or better than she was, and (3) can't show that any of the State's proffered non-discriminatory explanations are pretextual.[4] Because Smith cannot show that the email constituted an adverse employment action, I grant summary judgment in favor of NDOT and close this case.

---

[1] ECF No. 1.
[2] ECF No. 26.
[3] ECF No. 44.
[4] ECF No. 41.

**Discussion**

I. **Summary-judgment standard**

Summary judgment is appropriate when the pleadings and admissible evidence "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[5] When considering summary judgment, the court views all facts and draws all inferences in the light most favorable to the non-moving party.[6] If reasonable minds could differ on material facts, summary judgment is inappropriate because its purpose is to avoid unnecessary trials when the facts are undisputed, and the case must then proceed to the trier of fact.[7]

If the moving party satisfies Rule 56 by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for trial."[8] The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts"; she "must produce specific evidence, through affidavits or admissible discovery material, to show that" there is a sufficient evidentiary basis on which a reasonable fact-finder could find in her favor.[9]

II. **Title VII Discrimination**

Courts apply the *McDonell Douglas* burden-shifting framework to Title VII discrimination claims. Under this framework, the plaintiff has the initial burden to establish a

---

[5] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)).

[6] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

[7] *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *see also Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

[8] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323.

[9] *Bank of Am. v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted); *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991); *Anderson*, 477 U.S. at 248–49.

prima facie case of discrimination.[10] To survive summary judgment, a discrimination plaintiff must produce evidence showing that: (1) she belongs to a protected class; (2) she was qualified for the position; (3) she was subject to an adverse employment action; and (4) either that similarly situated individuals outside her protected class were treated more favorably or that her employer was motivated by a discriminatory reason.[11] The burden of production, but not persuasion, then shifts to the employer to articulate some legitimate, nondiscriminatory reason for the challenged action.[12] If the employer does so, the plaintiff must show that the articulated reason is pretextual "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence."[13] The plaintiff's "evidence must be both *specific and substantial* to overcome the legitimate reasons put forth by" her employer.[14]

### III. NDOT is entitled summary judgment on Smith's Title VII claim.

Smith abandons all but two of her allegations that she suffered adverse employment actions at NDOT. She argues that "the [13] work directives" that her supervisor emailed to her constitute an adverse employment action because (1) prior to receiving that email, she had no history of discipline; and (2) her supervisor required her to complete 12 of the 13 directives to

---

[10] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

[11] *Id.*; *Reynaga v. Roseburg Forest Products*, 847 F.3d 678, , 2017 WL 370862 (9th Cir. Jan. 26, 2017) (explaining that Title VII discrimination plaintiffs need not show that similarly situated employees were treated more favorably and may alternatively show that a discriminatory reason motivated the employer).

[12] *Aragon v. Republic Silver State Disposal, Inc.*, 292 F.3d 654, 659 (9th Cir. 2002) (emphasis in original).

[13] *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981).

[14] *Aragon*, 292 F.3d at 659 (internal citations omitted) (emphasis in original).

3

keep her previous schedule, which allowed her to pick up her kids from school.[15] But she fails to show that these directives constituted an adverse employment action.

"[A]n adverse employment action is one that materially affects the compensation, terms, conditions, or privileges of employment."[16] "[A]ssigning more, or more burdensome, work responsibilities, is an adverse employment action."[17] Because the "13 directives" email aligns with NDOT's variable-workweek policy, it falls short of being an adverse employment action: Directive 1—"Work forty hours per week that can be supervised"—aligns with the policy's goal of having a responsible person present for employees who worked outside business hours.[18] Directive 2—"As you are currently working 4-10s you are still expected to take at least [a] 30 min lunch break. I have shared the NRS with you and email from payroll."—aligns with the policy's requirements that employees who work more than six hours receive at least one half hour for unpaid lunch,[19] and it is consistent with Nevada Administrative Code § 284.524(2)–(3), which requires the same minimum meal period. Other directives relate to accurate and timely time-keeping, leave requests, communicating absences during emergencies, and ensuring that Smith doesn't have unscheduled or unreported absences—these align with the policy's requirements that supervisors ensure that employees correctly track their time.[20]

A review of NDOT's policy, the email, and NDOT's evidence that Smith had a record of unreported absences (like extended lunches), working early hours without supervision, and

---

[15] ECF No. 45.

[16] *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008) (internal quotation marks and alterations omitted).

[17] *Id.*

[18] *Compare* ECF No. 45-1 at 1 *with* ECF No. 42-1 at 142.

[19] *Compare* ECF No. 45-1 at 1 *with* ECF No. 42-1 at 141.

[20] *Compare* ECF No. 45-1 at 1 *with* ECF No. 42-1 at 139–40.

inaccurate reporting[21]—all of which are uncontroverted and unaddressed in Smith's opposition—compel the entry of summary judgment in favor of NDOT. While Smith contends that NDOT's investigation report contains witness statements that show her supervisor's "harassing and demeaning conduct,"[22] she fails to discuss how the hundred-page report shows that she suffered an adverse employment action. And when the report concludes that, though there were "underlying concerns with how [her supervisor] interacts with his staff," Smith's sex-discrimination and sexual-harassment allegations were unsubstantiated,[23] it is not clear how the report helps her prima facie case.

Smith rests her prima facie case on the email and the investigation report, claiming that, "[b]ased on the evidence presented, it is clear that there was an adverse action against [her] and that the male employees were treated more favorably."[24] But her threadbare argument fails to carry her burden on summary judgment.[25] Because Smith's Title VII claim fails for lack of an adverse employment action, I grant summary judgment to NDOT and I do not reach her remaining arguments.

---

[21] ECF No. 42-1 at 11.

[22] EF No. 45 at 8.

[23] ECF No. 42-1 at 3.

[24] ECF No. 45 at 8.

[25] *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data.").

**Conclusion**

IT IS THEREFORE ORDERED that the defendant's motion for summary judgment **[ECF No. 41] is GRANTED.** The Clerk of Court is directed to **ENTER JUDGMENT** for the defendant and against the plaintiff **AND CLOSE THIS CASE.**

Dated: March 31, 2020

                                                                          _____
U.S. District Judge Jennifer A. Dorsey